IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN M. VIDMOSKO,** | : | CIVIL NO. 1:15-CV-288 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **STEVEN R. GLUNT, THE PA ATTORNEY GENERAL,** | : | |
| | : | |
| Respondents | : | |

### MEMORANDUM

On December 21, 2009, petitioner Allen M. Vidmosko ("Vidmosko"), pled guilty to rape by forcible compulsion in the Court of Common Pleas of Lackawanna County, Pennsylvania. (Doc. 1). On April 6, 2010, he was sentenced to ten to twenty years imprisonment. (Id.) On February 10, 2015, Vidmosko filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his guilty plea. (Id.) For the reasons set forth below, the petition will be denied as untimely.

I.   **Background**

In August 2009, Vidmosko was arrested by the Scranton City Police Department for allegedly engaging in sexual intercourse with a minor. (Docs. 1, 10; see https://ujsportal.pacourts.us, electronic docket number CP-35-CR-0002279-2009). In October 2009, a criminal information was filed in the Court of Common Pleas of Lackawanna County charging Vidmosko with rape by forcible compulsion, statutory sexual assault, corruption of minors, unlawful contact with a minor relating to sexual offenses, indecent assault of a person less than sixteen years of

age, and endangering the welfare of children.  (Id.)  On December 21, 2009, Vidmosko entered a guilty plea to the charge of rape by forcible compulsion.  (Id.)  The other charges against him were nolle prossed.  (Id.)  On April 6, 2010, the court sentenced him to ten to twenty years imprisonment.  (Id.)  On April 12, 2010, Vidmosko filed a motion for reconsideration of his sentence, which the trial court denied on April 13, 2010.  (Id.)  No direct appeal was filed.  (Id.)

On February 2, 2012, Vidmosko filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  (Docs. 1, 10; see https://ujsportal.pacourts.us, electronic docket number CP-35-CR-0002279-2009).  On July 30, 2013, the petition was denied as untimely.  (Id.)  Vidmosko filed a timely appeal to the Pennsylvania Superior Court.  See https://ujsportal.pacourts.us, electronic docket number 1471 MDA 2013.  On May 14, 2014, the Superior Court affirmed the PCRA court's decision.  See Commonwealth v. Vidmosko, 104 A.3d 48 (Pa. Super. May 14, 2014) (Table, No. 1471 MDA 2013).  The Superior Court found that Vidmosko's PCRA petition was "patently untimely" and that Vidmosko "failed to exercise any due diligence to protect his own interests, and his mere contention that counsel was ineffective for failing to file an appeal [did] not save his PCRA petition from the one-year time bar."  Commonwealth v. Vidmosko, 1471 MDA 2013 (Pa. Super. May 14, 2014).

Vidmosko then filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court.  See https://ujsportal.pacourts.us, electronic docket number 453 MAL 2014.  On October 21, 2014, the Supreme Court denied the appeal.

See Commonwealth v. Vidmosko, 101 A.3d 786 (Pa. Oct. 21, 2014) (Table, No. 453 MAL 2014).

The instant petition was filed on February 10, 2015.  (Doc. 1).  Upon preliminary review, see R. Governing § 2254 Cases R. 4, respondents were directed to file a response addressing the timeliness of the petition.  (Doc. 3, citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond)).  Vidmosko was afforded the opportunity to file a reply.  (Doc. 3).  On February 26, 2015, respondents filed a response and a memorandum of law seeking dismissal of the petition as untimely pursuant to 28 U.S.C. § 2244.  (Docs. 10, 11).  Vidmosko filed a traverse on March 23, 2015.  (Doc. 13).

## II.    Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Vidmosko was sentenced on April 6, 2010. See https://ujsportal.pacourts.us, electronic docket number CP-35-CR-0002279-2009. He filed a timely motion for reconsideration of his sentence, which the trial court denied on April 13, 2010. Id. The plain terms of 28 U.S.C. § 2244(d)(1)(A) provide that a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara, 264 F.3d at 314. Vidmosko's time for pursuing a direct appeal expired on May 13, 2010, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on February 10, 2015, is clearly untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on May 13, 2010, and expired on May 13, 2011. Vidmosko filed his PCRA petition on February 2, 2012, nearly nine months after the expiration of the statute of limitations. A PCRA petition does not toll an expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See

5

Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim.  See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Vidmosko claims that he is "legally illiterate" and was not advised of his appeal rights, thus causing a delay in pursuing his state court remedies and seeking relief in federal court.  (Doc. 13, pp. 3-4).  However, in non-capital cases, attorney error has not been found to give rise to the extraordinary circumstances required for equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).  Vidmosko claims that his trial counsel failed to inform him of appeal rights, however he was

6

not prevented in some extraordinary way from asserting his rights in federal court. See Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (although petitioner received erroneous advice from defense counsel as to the habeas filing deadline in federal court and petitioner relied on this advice, equitable tolling was not warranted). His claim that he was unaware of the filing deadlines is likewise unavailing. See Jones, 195 F.3d at 160 (a misunderstanding of the exhaustion requirement is insufficient to excuse failure to comply with the federal habeas statute of limitations). To the extent that Vidmosko claims that he is "legally illiterate" and suffers from mental impairments, he has not demonstrated that he was incapable of filing court documents. See, e.g., Champney v. Sec'y Pa. Dept. of Corrections, 469 Fed. App'x 113, 117 (3d Cir. 2012) ("Mental incompetence is not a *per se* cause for equitable tolling."). Rather, he filed *pro se* petitions in both state court and federal court. Thus, Vidmosko does not proffer any extraordinary circumstances that obstructed his pursuit of post-conviction relief in either state court or federal court, and he has never asserted his rights in the wrong forum.

As stated, in determining whether extraordinary circumstances exist to warrant the application of equitable tolling, the court must also examine petitioner's due diligence in pursuing the matter under the specific circumstances he faced. See Traub v. Folio, 2004 WL 2252115, *2 (E.D. Pa. 2004) (citing Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004) (affirming dismissal of the habeas petition as time-barred and not entitled to equitable tolling because lengthy periods of time had elapsed following the petitioner's conviction before he sought relief)). It is petitioner's burden to show that he acted with reasonable diligence and that

7

extraordinary circumstances caused his petition to be untimely.  Id.  Under the circumstances of this case, Vidmosko fails to allege any steps that he took to timely file the instant federal habeas petition and that he was somehow prevented from timely filing.  The court finds that Vidmosko did not act in a reasonably diligent fashion and that equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### C. Actual Innocence

A claim of actual innocence may serve as both an exception to procedural default and as an equitable exception to the statute of limitations.  See McQuiggin v. Perkins, --- U.S. ---, 133 S.Ct. 1924, 1931 (2013); Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004).  In McQuiggin, the Supreme Court reaffirmed that there is an "equitable exception" to the statute of limitations applicable to habeas claims, but "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'"  Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin, 133 S.Ct. at 1933).  Thus, actual innocence, if proved, serves as a gateway through which a petitioner may pass when faced with procedural impediments such as the expiration of the statute of limitations.  McQuiggin, 133 S.Ct. at 1928.  The Supreme Court emphasized, however, the demanding nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"  McQuiggin, 133 S.Ct. at 1936 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).  For

the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. The limited nature of this exception is underscored by the Court's explicit observation that "tenable actual-innocence gateway pleas are rare." McQuiggin, 133 S.Ct. at 1928.

    Vidmosko maintains that he is actually innocent of the crime to which he pled guilty. (Doc. 13, pp. 5-8). He states that there was evidence available during his trial that establishes his innocence. (Id. at p. 7). Fatal to the instant petition, actual innocence claims focus on "new" evidence — "relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327-28. Vidmosko has not produced any new evidence that would persuade the court that the outcome of his case would have been different. To the contrary, Vidmosko merely argues that there was physical evidence available during the state court proceedings which establishes his innocence. It is clear that this purported evidence was previously available, and was reviewed by Vidmosko, his trial counsel, the prosecution and the trial judge. (Doc. 13, p. 7). Evidence is not "new" if it was available at trial. Hubbard, 378 F.3d at 340-41 (stating that petitioner's allegation of actual innocence is "nothing more than a repackaging of the record as presented at trial" and thus he could not show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence). Moreover, and equally fatal to his petition, is the fact that Vidmosko pled guilty to rape by forcible compulsion and admitted under oath that he was guilty of the crime. He cannot now claim actual

9

innocence to invalidate his guilty plea. See, e.g., Williams v. Holland, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on McQuiggin where he pled guilty to the offenses); Sidener v. United States, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) (rejecting McQuiggin claim because "Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence").

Because Vidmosko's case is not one of those "rare" cases, which presents new reliable evidence that was not previously available, the equitable exception to § 2244(d)(1) does not apply.

## III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV.     Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely. An appropriate order will issue.

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      May 12, 2015